IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: MPATANISHI S. TAYARI, ) | |
| ) | |
| MPATANISHI S. TAYARI, ) | |
| Debtor, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | Case No. 17-cv-0360-MJR |
| U.S. BANKRUPTCY CLERK, ) | |
| Interested party, ) | |
| ) | |
| v. ) | |
| ) | |
| RUSSELL C. SIMON, ) | |
| Chapter 13 Trustee, ) | |
| ) | |
| Appellee. ) | |

## ORDER

**REAGAN, Chief District Judge:**

This case is now before the Court on Appellee, Russell Simon's (Chapter 13 Trustee), motion to dismiss, for lack of jurisdiction, an appeal from bankruptcy court proceedings in this district. The underlying bankruptcy matter was initiated in October of 2016, was dismissed and reinstated in December of 2016, and was ultimately transferred to the United States Bankruptcy Court for the Northern District of Texas in April of 2017. Appellant Mpatanishi S. Tayari filed a notice of appeal with this Court on April 7, 2017 (Doc. 1). Trustee Simon moved for dismissal (Docs. 4, 5) on April 19, 2017,

and Appellant responded in opposition on May 25, 2017 (Doc. 11). The matter is now ripe for ruling.

This Court enjoys subject matter jurisdiction over interlocutory appeals from bankruptcy court pursuant to the Federal Rules of Bankruptcy Procedure, Rule 8004, as well as 28 U.S.C. § 158. Section 158(a) provides that this Court has jurisdiction over all final judgments, orders, or decrees from bankruptcy court, and that this Court, with leave of court, can entertain appeals of all other interlocutory matters. Section 158(c)(2) narrows the scope of jurisdiction over interlocutory appeals by providing that this Court shall enjoy jurisdiction over appeals of interlocutory orders if the appeal is taken in the same manner as a typical civil appeal from a district court to the Court of Appeals. Ordinary civil appeals of interlocutory orders fall within the scope of 28 U.S.C. § 1292.

Section 1292 provides that if a district judge issues an order not otherwise appealable, but is of the opinion that said order presents a controlling question of law for which there is substantial ground for difference of opinion, that judge shall so identify the issue in writing. The Court of Appeals may then exercise discretion to take the issue up in an interlocutory appeal.

Trustee argues that this provision of § 1292(b) should be cross-applied to bankruptcy proceedings such that, absent a controlling question of law, the district court lacks jurisdiction over appeals of interlocutory matters not explicitly identified in

§ 158. In support of this jurisdictional argument, the Trustee argues that a motion to transfer venue is an exclusively fact-based decision, so it cannot fall within the scope of appealable orders contemplated by § 1292. The Trustee acknowledges that other Courts, in non-binding precedent, have accepted interlocutory bankruptcy appeals under more lenient standards. However, even assuming those standards were applicable here, the Trustee argues that public policy weighs against taking the appeal since the case has already been transferred and is proceeding before a Texas court.

By contrast, Appellant Tayari contends that the standard for accepting jurisdiction over an interlocutory transfer of venue order is "with leave of court," per § 158(a)(3). Appellant argues that under a leave of court standard, this Court should grant leave to consider the interlocutory transfer of venue order because the request to transfer involves an important question of law—whether or not the transfer motion was timely. Furthermore, Appellant argues that the motion was not timely, so the transfer should not have been granted.

The Seventh Circuit addressed the interplay between § 158 and § 1292(b) in *In re Jartran, Inc.*, **886 F.2d 859, 865-66 (7th Cir. 1989)**. There, the Court acknowledged that leave of court can be granted by district courts to hear interlocutory bankruptcy appeals where the issues involved are sufficiently important to justify review of a matter other than a final judgment. *Id.* at 865. The Court also noted that, although § 158(c) commands that appeals be taken in the same manner as those from district court to

appellate court under § 1292(b), the bankruptcy court is not required to certify a matter for the district court to have jurisdiction. *Id.* **at 866.**

Carving out the certification requirement of § 1292(b), that leaves the mandate that an order not otherwise appealable may be appealed if: (1) such order involves a controlling question of law as to which there is substantial ground for difference of opinion and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. If that standard is met, an appellate court reviewing a district court action then has discretion to take the appeal. So the standard becomes that this Court may grant leave to hear an interlocutory appeal in a bankruptcy case where the appeal presents the court with a substantially debatable question of law that would materially impact the termination of the case.

Here, Appellant is, in essence, asking this Court to grant leave to consider the propriety of the bankruptcy court's order transferring venue in her bankruptcy case from the Southern District of Illinois to the Northern District of Texas.[1] She argues that the transfer of venue presents a question of law because the transfer was untimely. By contrast, Trustee Simon argues that the transfer was timely, and that it was a discretionary act, so this Court lacks jurisdiction to review it.

---

[1] Appellant did not file a formal motion for leave to appeal an interlocutory order, but she did file a Notice of Appeal. Federal Rule of Bankruptcy Procedure 8004(d) allows this Court to treat the Notice of Appeal as a motion for leave, so the Court will treat the Notice of Appeal as a motion for leave.

This Court agrees with Trustee Simon's position that the decision to transfer the case was a discretionary and fact-based decision. Rule 1014 of the Federal Rules of Bankruptcy Procedure allows the dismissal or transfer of a case regardless of whether or not it is filed in the proper district. Trustee Simon does not argue about the timeliness of the actual motion to transfer or the transfer order in this case because Trustee Simon asserts that those decisions fell within the discretion of the Bankruptcy Court, and, thus, are not appealable. The Court agrees that it should not exercise jurisdiction over a fact-based and discretionary decision by the Bankruptcy Court to transfer this case because it does not present a controlling and dispositive issue of law. But, even assuming that the Court could review this fact-based decision, the Court does not find that a transfer in this case was an abuse of discretion because the transfer occurred after a meeting of the creditors where Appellant was present and could weigh-in. Additionally, the transfer has already been effectuated and proceedings are continuing in Texas, so it would be unnecessarily disruptive to relocate the case at this late stage in the game.

Accordingly, this Court hereby **DENIES** the Appellant's request for leave to appeal the transfer order and **DISMISSES** the appeal. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: June 27, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge